IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT RAY SHANER, DU-9569, )
    Petitioner, )
     )
    v. ) 2:10-cv-859
     )
MR. MCGRADY, et al., )

MEMORANDUM and ORDER

Mitchell, M.J.:

Robert Ray Shaner has presented a petition for a writ of habeas corpus which he has been granted leave to prosecute in forma pauperis. For the reasons set forth below the petition will be dismissed and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

Shaner is presently incarcerated at the State Correctional Institution-Retreat serving a six to twenty year sentence following his conviction, upon a plea of guilty, to charges of criminal attempt - rape, robbery and unlawful restraint at No. 1046 of 1997, in the Court of Common Pleas of Fayette County, Pennsylvania. This sentence was imposed on December 4, 1998.[1] No appeal was pursued until Shaner submitted a petition for a writ of habeas corpus to the Common Pleas Court on May 5, 2010.[2]

---

[1] See: Petition at §§ 1-6 and the docket sheet of the Court of Common Pleas of Fayette County found at the Pennsylvania Unified Judicial System website, http://ujsportal.pacourts.us, at docket CP-26-CR-0001046-1997.

[2] See: CP-26-CR-0001046-1997 at p. 10. We do note that in his petition, Shaner contends that he filed an "appeal" but this is apparently the habeas corpus petition. In his petition here he contends that his "appeal" challenged the denial of his release on parole.

1

In support of the instant petition, Shaner alleges he is entitled to relief on the grounds that he recently learned that he:

> [G]ot an on legal sentence because the sentencing guild lines show that I should have got 2 ½ -to-5 years for the robbery and 1-to-2 years for each criminal attempt-rape that I got and 1 ½ -to-3 years for the unlawful restraint that's 12 years all together. I should have got and I will be happy with time served (sic.)[3]

It is provided in 28 U.S.C. § 2244(d)(1) and (d)(2) that:

> (1) A 1-year period of limitation shall apply to the application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In the instant case, the petitioner was sentenced on December 4, 1998 and no appeal was pursued. In Kapral v. United States, 166 F.3d 565 (3d Cir.1999), the Court noted that in the absence of the filing of a petition for review, the judgment becomes final when the time period in which to seek that review expires. Thus, the petitioner's conviction became final on January 3,

---

[3] See: Petition at § 12.

2

1999.[4] The effective date of the Antiterrorism and Effective Death Penalty Act which imposed the one year statute of limitations is April 24, 1996 and thus it is applicable here. The petitioner did not seek post-conviction relief by filing a habeas corpus petition until May 5, 2010, or well beyond the one year period in which to seek that relief. [5] The instant petition was executed on June 10, 2010 , or considerably beyond the one year period in which to seek federal relief expired, and the petition here is time barred..

In addition, it is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody
pursuant to the judgment of a State court shall not be granted unless it appears that
the applicant has exhausted the remedies available in the courts of the State, or
that there is either an absence of available State corrective process or the existence
of circumstances rendering such process ineffective to protect the rights of the
prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must

---

[4] See: Pa.R.App.P. 903.

[5] See:

3

determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Bronshtein v. Horn, 404 F.3d 700, 723 (3d Cir.2005), cert .denied 546 U.S. 1208 (2006), the Court held:

> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...
>
> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

In the instant case, it is clear from both the petition and the state court records that

appellate relief was never sought in the courts of the Commonwealth. [6] In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has defaulted the available state court remedies on these issues and no further consideration of these issues is warranted here.

For either reason or both, the petition of Robert Ray Shaner for a writ of habeas corpus will be dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

---

[6] Id. at pp.339-340.

ORDER

AND NOW, this 13th day of July, 2010, for the reasons set forth in the foregoing Memorandum, the petition of Robert Ray Shaner for a writ of habeas corpus is dismissed, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is denied;

AND IT IS FURTHER ORDERED that if he desires to do so, within fourteen (14) days of this Order, the petitioner show cause, if any, why judgment should not be entered accordingly.

s/ Robert C. Mitchell
United States Magistrate Judge